***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted January 5, affirmed February 1, 2023

In the Matter of R. G., aka R. M. G.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

R. G.,
aka R. M. G.,
*Appellant.*

Curry County Circuit Court
22CC00732; A178224

Cynthia Lynnae Beaman, Judge.

Alexander C. Cambier and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Appellant seeks reversal of a judgment committing him involuntarily to the Oregon Health Authority for up to 180 days on the basis that appellant has a mental disorder that makes him a danger to self. On appeal, he does not challenge the trial court's determination that he has a mental disorder; he argues only that the trial court's determination that he is "dangerous to self," ORS 426.005(1)(f)(A), rests on insufficient evidence. We affirm.[1]

Unless we review *de novo*—which, here, we do not—we review a trial court's determination that a person with a mental disorder is dangerous to self for legal error. *State v. M. J. F.*, 306 Or App 544, 545, 473 P3d 1141 (2020). In doing so, "we look at the evidence as a whole, in the light most favorable to the trial court's decision," to determine "whether a rational factfinder could have found that it was highly probable that appellant presented a danger to himself." *Id.* at 549 (internal quotation marks omitted).

Reviewing under that standard, we conclude that the evidence is legally sufficient to establish that appellant is dangerous to self. "[A] person is dangerous to self if the person's mental disorder would cause him or her to engage in behavior that is likely to result in physical harm to self in the near term." *Id.* at 546 (brackets and internal quotation marks omitted). The risk of physical harm must be "serious" and "more than speculative"; however, "grave physical harm need not actually occur before a court may find a person to be *** dangerous to him or herself." *State v. M. T.*, 308 Or App 448, 452-53, 479 P3d 541 (2021) (internal quotation marks omitted). Whether a person is dangerous to self is based on the person's "condition at the time of the hearing as understood in the context of the [person]'s history." *State v. S. P.*, 282 Or App 177, 178, 387 P3d 443 (2016).

Here, the evidence showed that appellant was diagnosed with "Bipolar 1" disorder and previously committed after he was rescued from the ocean by the United States

---

[1] Appellant also appeals an order prohibiting him from purchasing or possessing a firearm. That order was based on the court's determination that appellant is a danger to self. Because we affirm that determination, we also affirm the order prohibiting appellant from purchasing or possessing a firearm.

Coast Guard and suffered hypothermia. On January 13, 2022, appellant ceased taking medication for his disorder. During four days of "escalating behavior"—including "jumping into traffic, unauthorized entry into a motor vehicle, [and] several attempted break-ins of occupied dwellings"— police received calls about or made contact with appellant on 37 different occasions. The evidence in the trial court highlighted two occasions in particular. On January 15, 2022, near midnight, police officers apprehended appellant after he "attempt[ed] to break in the front door of a yurt" in a state park while "making sexual comments to the female occupant." Appellant was "completely confused" and "completely nude" in "very cold, almost freezing" temperatures.

Two days later, around midnight, police responded to a reported burglary. They discovered that appellant had broken into a house and was "completely nude," despite "extremely cold" temperatures. Appellant yelled at officers to get out and "aggress[ed]" toward them while brandishing what appeared to the officers to be a knife. Fearing for his safety, one officer drew his duty pistol. After fighting with the officers, appellant was handcuffed and lodged in jail.

Appellant was subsequently transferred from jail to a local hospital for care. At the hospital, appellant told a crisis therapist that he does not have psychiatric issues and will not voluntarily take medication for his disorder.

Viewed as a whole, we conclude that that evidence is legally sufficient for the trial court to find that appellant's mental disorder would cause him to engage in behavior likely to result in physical harm to himself in the near term.

Affirmed.